IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO


IN THE MATTER OF                    :
IVAN ACOSTA RIVERA & ANA A.         :     CASE NO. 06-00559(SEK)
BALSEIRO CHACON,
    DEBTORS                         :     CHAPTER 7
----------------------------------

OPINION AND ORDER

**FILED & ENTERED**

2 0 MAR 2007

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

There are three related matters pending before the court: (1) the Trustee's motion requesting authorization to settle a claim, (2) his objection to Debtors' claim of an exemption over an unscheduled asset, and (3) Debtors' motion to dismiss the case opposed by the Trustee, Banco Bilbao Vizcaya Argentaria and Eurobank. For reasons that follow, we deny Debtors motion to dismiss and schedule the Trustee's motions for an evidentiary hearing.

### Background

Debtors filed this second voluntary petition for bankruptcy under Chapter 13 on March 2, 2006. They did not schedule a suit they had filed in state court against co-debtor, Iván Acosta's former employer for unpaid wages and damages, ("the suit"). Two months later, they converted the case to Chapter 7. The second Chapter 7 Trustee appointed by the U.S. Trustee sought, and obtained, the appointment of special counsel to prosecute the unscheduled suit mentioned above on behalf of the estate.



Debtors amended their schedules to include the suit, and claim an exemption over this cause of action, three days before the Trustee requested authorization to settle it for $200,000. The Trustee then objected to the claimed exemption and amended his motion for authorization to settle the mentioned suit. While these matters were pending, Debtors' counsel resigned. Debtors filed a motion *pro se* to dismiss the case based on 11 U.S.C. §§ 521(i)(1) and 521(i)(2). We granted the U.S. Trustee time to oppose the dismissal, during which Debtors filed two more motions to dismiss based on the cited sections of the Code. Debtors replied to the U.S. Trustee's opposition, and hired counsel to oppose the proposed settlement who eventually also argued in favor of the dismissal of this case. We heard the parties on February 15, 2007, at which time Debtors requested an evidentiary hearing on the issue of Trustee's settlement of the suit before the local courts.

## Discussion

A. Dismissal of the case pursuant to 11 U.S.C. §§ 521(i)(1) & 521(i)(2).

Here, Debtors attempt to use the eligibility requirements and automatic dismissal provisions of BAPCPA[1] to dismiss the case



---

[1] See the Bankruptcy Abuse Prevention and Consumer Protection Act, Pub. L. No. 109-8, § 315(b)(1) (2005), effective on cases commenced on or after October 17, 2005.
All referenced sections may be found in Title of the United States Code.

2

once the Trustee proposed to settle the suit.

Section 521(a)(1)(B) provides that a debtor must file certain documents, including the schedules, **unless otherwise ordered by the court.** (Our emphasis). Section 521(i)(1) states that, subject to paragraphs (2)&(4) of the mentioned section, if a debtor fails to file all the information required by section 521(a)(1), The case shall be automatically dismissed on the 46th day after the filing of the petition. Section 521(i)(2) requires the court to enter an order dismissing the case upon the request of a party in interest within five days of the request.

With this in mind, we now turn to Debtors' motion to dismiss. Debtors state we should dismiss the case because they failed to "timely file or submit pay advices and a statement of their monthly amount of net income ... as strictly required under §521(a)(1)(B)(iv) & (v)." See dkt. #85. They further claim no one asked for an extension of time to produce these documents. Thus, Debtors reason, once they asked for the dismissal forty five days after the conversion to Chapter 7 without producing these documents, the court is required to dismiss this case.

The U.S. Trustee argues against the dismissal claiming "debtors are estopped from seeking the dismissal [and] ... as a matter of law, ...§ 521 does not require the dismissal under the facts of this case." See dkt. # 94.

We agree with the U.S. Trustee's argument that the facts

3

peculiar to this case do not require dismissal under section 521. The facts show Debtors balked at the Trustee's attempt to settle the suit for a $200,000 cash pay out, claiming back pay and damages were worth considerably more than $200,000. At this juncture in the case, Debtors want the case dismissed by invoking the "automatic" dismissal contained in sections 521(i)(1) & (2).[2]

Collier tells us that the language stating that "unless the court orders otherwise" shows it is not clear that these documents need to be filed. 5 Collier on Bankruptcy, ¶521.09B. (15th ed. rev.). The facts here show that the cash produced by the proposed settlement is sufficient to pay all allowed claims and produce funds for the Debtors. See ex. 1 dkt. #71. Hence, itemization of Debtors' net monthly income supported by the payment advices is not needed in this case. Therefore, we enter an order *nunc pro tunc* June 19, 2006, excusing Debtors from filing the payment advices mentioned in section 521(a)(1)(B)(iv). Hence, Debtors' motion to dismiss the case is moot.

B. Authorization to Settle the suit and objection to the amendment to schedule C to claim an exemption over wages and damages awarded by the suit.

Both matters are considered contested pursuant to FRBP 9014. Therefore, facts must be established at an evidentiary hearing



---

[2] We infer from the timing of the motion to dismiss that it was filed due to Debtors' disagreement with the proposed settlement.

requested by the Debtors. Therefore, the hearing scheduled to commence on March 28, 2007 at 9:00 a.m. in courtroom #1, located in the U.S. Post Office & Courthouse Bldg., 300 Recinto Sur Street, Old San Juan, P.R. remains in full force and effect. By March 28th , Debtors and the Trustee shall file a joint motion reciting stipulated facts, disclosing their witnesses, and providing copies of documents duly marked and attached to an exhibit list. Extensions are unlikely due to the trial scheduled to commence in the local courts during the first week of April, if the suit is not settled.

**SO ORDERED**, in San Juan, Puerto Rico, on March 20, 2007.

SARA DE JESUS
U.S. Bankruptcy Judge

5