IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF           :
IVAN ACOSTA RIVERA & ANA A.   :     CASE NO. 06-00559(SEA)
BALSEIRO CHACON,
      DEBTORS             :      CHAPTER 7
-------------------------------- :

OPINION AND ORDER

FILED & ENTERED

0 4 MAY 2007

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

Pending before the court are the Trustee's motions for approval of a compromise. Debtors object claiming the Trustee has not met his burden of showing the settlement compensates the losses of co debtor Iván Acosta Rivera ("Acosta") related to his former employment and wrongful dismissal, awaiting trial in the state courts[1]. For reasons that follow, we approve the compromise.

**Procedural Background and Factual Findings**

Debtors filed this second voluntary petition for bankruptcy under Chapter 13 on March 2, 2006. They did not schedule a suit Acosta filed in state court against his former employer for unpaid wages, vacation, yearly bonuses, and damages caused by a retaliatory dismissal, and a request for job reinstatement ("the suit"). Two months later, Debtors converted the case to Chapter 7. As soon as the current Chapter 7 Trustee became aware of the

---

[1] The state court in this case is the Superior Court for the Commonwealth of Puerto Rico, Arecibo Part.

suit, he hired special counsel to prosecute the unscheduled suit on behalf of the estate[2]. Debtors amended their schedules to include the suit, and to claim an exemption over the causes of action three days before the Trustee's initial request for authorization to settle the suit for $200,000.

We held an evidentiary hearing to consider the Trustee's recommendation and Debtors' objections to the proposed compromise. The Trustee called Counsel for the employer who testified, *inter alia*, that the parties had been litigating the suit before the state court for nine years, having appealed to the Supreme Court of Puerto Rico on at least two occasions. Once the trial began, the state court Judge called for a recess after the testimony of the first witness began, and asked counsel for the parties if they wished to discuss a settlement. The Judge took this action because the issue concerning unpaid wages, vacation and bonuses hinged upon a factual finding involving whether Acosta was employed as a professional engineer, or as a salesman who happened to have an engineering degree. This question was crucial, as the remedies sought in the suit depended upon employment laws which do not cover professionals. The parties were apparently not able to reach a settlement. The trial was not immediately continued due to the employer's request

---

[2] He hired Debtors' Counsel who was familiar with the case and able to adhere to impending trial date.

2

for the Judge's recusal. This request was denied and confirmed on appeal. The Judge then rescheduled the trial for April 30, 2007.

At our hearing, Counsel for the employer testified that apparently there was some sense that the cause of action for wages, etc. was worth $200,000, a sum equal to the settlement the Trustee was recommending, and to the scheduled value of the suit completed by the Debtors under oath when they first amended schedules to disclose its existence. Counsel also stated the reasons why he thought Acosta could not prevail in the cause of action for retaliation. He opined that the offer was fair, negotiated at arm's length, beneficial to creditors as it would provide the estate with a prompt resolution of a suit with a long history of litigation, and provide funds to pay 100% of allowed unsecured claims, plus interest. His testimony was followed by that of the Trustee's, basically corroborating what had been said. The Trustee also called Special Counsel to the stand. He confirmed the suit's procedural history before the local court. However, Special Counsel handling the case for about a year and half, with two and half years as a licensed practitioner, explained that he thought Acosta had a very good chance of prevailing on all three counts. Therefore, he could not recommend the $200,000 settlement. He also stated there was no attachment to ensure collection of a judgment, and he had no



information concerning the financial situation of the employer, whose main offices were in Mexico.

Both Acosta and the employer's representatives testified, but their testimony did not add any further information to pertinent to the issue at hand. All the Trustee's documentary evidence was admitted, including a copy of the suit and an expert witnesses' analysis of the value of compensatory damages should Acosta prevail.

We took both the motion for nonsuit raised by Debtors when the Trustee rested his case,[3] and all evidence and arguments of the parties under advisement. Before we issued our opinion, on April 26, 2007, Trustee filed a supplemental motion indicating the employer had increased the settlement offer to $400,000. We ordered the Debtor to reply by the 27th at 5:00 P.M. He rejected the offer as too low, stating that the short time period prevented him from raising further arguments. On April 30th, when the parties informed the state court Judge of the situation, she graciously called us to confirm. Via telephone conference call with the Judge and all Counsel for the parties, we ordered all parties and the Trustee to appear before us at 9:00 A.M. on May 1st , to argue in favor or against the increased offer. The state court Judge adjourned the trial until May 2nd.

During the course of the May 1st hearing, the employer

---

[3] Fed. R. Bankr. P. 7052(c).

4

increased the offer to $600,000 in full settlement of all Acosta's claims.  The Trustee again recommended the settlement to the court.  Special Counsel did likewise, stating  he still thought Acosta could prevail, but could offer no information concerning collection of a favorable judgment.

Acosta, represented by his counsel, reiterated his dissatisfaction, pointing out the expert valued the suit at about $2 million more than the settlement at hand, and indicating that he could win.  He also stated he endorsed the settlement provided he were allowed to continue litigating before the local courts, a proviso we rejected.  The matter was again submitted to our consideration.  We approved the settlement, indicating we would enter factual findings and conclusions of law in writing together with a separate judgment to preserve rights of appeal, as soon as the agreement was reduced to writing and filed.  The settlement agreement was filed and is attached as exhibit A.

### Discussion and Conclusions of Law

"When a debtor files a bankruptcy petition, all of his property becomes property of a bankruptcy estate." 5 Collier on Bankruptcy, ¶ 541.04 (15th ed. rev.)  "It includes all kinds of property, including both tangible and intangible property, **causes of action**, and all other forms of property."  (Our emphasis) Ibid.  The Trustee is the real party in interest who has the duty to administer estate property, including the power to recommend a

settlement of a cause of action for court approval.[4]   Should a

party in interest with standing object, the court hears the

matter, subsequently entering its factual findings and

conclusions of law and separate judgment.  Fed. R. Bank. P. 9019,

9014(c) & 7052.

We review the compromise keeping in mind the following

guidance given by the U.S. Court of Appeals for the First

Circuit.

> The propriety of bankruptcy settlements is judged under
> a four-part standard:
>          In deciding whether to approve a compromise
> of a law suit, the specific factors a bankruptcy court
> should consider include: '(i) the probability of
> success in the litigation being compromised; (ii) the
> difficulties, if any to be encountered in the matter of
> collection; (iii) the complexity of the litigation
> involved, and the expense, inconvenience and delay
> attending it; and, (iv) the paramount interest of the
> creditors and a proper deference to their reasonable
> views in the premise.' The court's consideration of
> these factors should demonstrate whether the compromise
> is fair and equitable, and whether the claim the debtor
> is giving up is outweighed by the advantage to the
> debtor's estate.



In re Servisense. Com., Inc., 382 F. 3d 68, 72 (1st Cir. 2004);

citing Jeremiah v. Richardson, 148 F. 3d 17, 23 (1st Cir. 1998)

(quoting Jeffrey v. Desmond, 70 F. 3d 183, 185 (1st Cir. 1995)).

The Trustee here agreed with his Special Counsel's

---

[4]   Besides failing to disclose the suit when they first
filed their schedules, Debtors also belatedly amended schedule C
to increase the exemption claimed over any favorable award that
might be entered by the state court.  Trustee objected, and the
matter is under submission.

6

assessment that Acosta could prevail in the cause of action involving wages, vacation and bonuses. He however, seems to adopt employer's counsel's views concerning the retaliatory dismissal. Counsel felt Acosta could not prevail based on the timing of events and applicable non bankruptcy law. The Trustee recommended settling for $400,000 which was twice the amount of the value given to the suit by Debtors when they first disclosed its existence. We also asked the Trustee to review the expert's report before coming to his final conclusions.[5] We recessed. The Trustee then brought to our attention his third recommendation for settling the suit for $600,000, and allowing Acosta to continue litigating the matter for his own benefit.

Our greatest concern centered on the possible difficulties in collecting any favorable judgment. The evidence showed the corporation's main office is in Mexico. The Trustee and Special Counsel had no employer financial information. There is no pre judgment attachment. The likelihood of appeals from any judgment were real, given the case history, further delaying collection efforts. The third offer provides for a $300,000 payment within sixty days, and the delivery of the second $300,000 installment within six months. It calls for the employer's submission to the jurisdiction of this court, and agrees that the laws of Puerto

---

[5] We mistakenly stated in open court that the report did consider Acosta's income after his dismissal. The report was admitted as the Trustee's Exhibit XXI without its exhibits.

7

Rico and the U.S. Bankruptcy Code govern any dispute concerning the compromise. Thus, collection difficulties are certainly diminished as a result of this settlement.

While the suit does not involve complex issues, the retaliatory dismissal hinges on credibility and timing and its resolution has certainly proven to be protracted, inconvenient, and will most likely cause delay in the distribution to creditors. Acosta is an articulate, educated man, who does not hesitate to represent himself, and for whom this case has consumed a great deal of his time and efforts. Both sides have not hesitated to appeal all the way up to the Supreme Court of Puerto Rico. We have no doubt that any judgment entered by the local court will also be appealed.

The protracted history of the case has caused Acosta to hire about five attorneys to represent him, and there is no guarantee that current Special Counsel, hired on a contingency basis, will be able to represent the estate throughout a lengthy appeal and collection proceedings.

The creditors in this case have been silent. Debtors have strenuously opposed all three offers. While Debtors have "prudential standing"[6] to be heard, once they chose to



---

[6] In re Godon, Inc., 275 B. R. 555 (Bkrtcy. E.D. CA 2002). His disagreement is considered in so far as he is affected by the settlement, as payment to allowed unsecured claims with 6% interest in this case adds up to about $125,663.16, with administrative expenses disclosed by the Trustee at $37,500. The

voluntarily file for bankruptcy and convert the case to Chapter 7, they surrendered the causes of action in the suit to the estate in bankruptcy, and the control over its prosecution to the Trustee.[7] Hence, he has authority to settle it over their objections, and his authority to do so is subject to court approval as discussed above.

After a review of the entire situation, we conclude the Trustee exercised his business judgment in a fair and equitable manner when recommending the compromise of $600,000. The claim Acosta is giving up, that is the trial of his suit by the state court Judge, is outweighed by the interest of the estate's creditors to have a real expectation of receiving complete payment of their claims, plus interest, within a reasonable period of time. The compromise at hand is the best assurance we have that this will indeed happen. Hence, the compromise is approved.

We order the Clerk to also notify a copy of this opinion and order to the Hon. Gloria Sierra at the following address, P.O.



---

only secured debt on file is held by the mortgagor whose collateral is Debtors' residence. Although arrears are claimed, it may be that these are updated, as we have no request for a lift of stay filed in this case. Hence, Debtors may receive around $393,737, exclusive of arrears payable under the terms of the mortgage.

[7] *In re Mercury*, 280 B. R. 35, 58-49 (Bkrtcy. S.D.N.Y. 2002), citing 2 *Collier On Bankruptcy*, ¶ 323.03[2], at 323-8 (15th ed. rev.).

Box 6005, Arecibo, P.R. 00613-6005. All other creditors and parties in interest shall be notified electronically, or by regular mail to their addresses as these appear in the Clerk's master address list.

SO ORDERED, in San Juan, Puerto Rico, on May 4, 2007.

SARA DE JESUS
U.S. Bankruptcy Judge

*Exibith A*

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

IN RE:

IVAN ACOSTA RIVERA
ANA A. BALSEIRO CHACON

DEBTORS

CASE NO. 06-00559 SEK

CHAPTER 7

## MOTION TO SUBMIT AGREEMENT FOR SETTLEMENT
## OF CLAIMS AGAINST INSECO

TO THE HONORABLE COURT:

COME NOW, Chapter 7 Trustee, Wilfredo Segarra Miranda, represented by his attorneys in Bankruptcy Court and before the Superior State Court of Arecibo and attorney for INSECO in case pending before the Superior State Court of Arecibo and most respectfully states and prays:

1. On April 26th, 2006 Trustee filed "Supplemental Motion to Trustee's Request for Authorization to Settle Claim and Motion to Inform Increase of Settlement" requesting the authorization of this Court to settle all claims pending in the civil case number 98-0296 (404) before the Superior State Court of Arecibo, Ivan Acosta vs. Industrial Systems and Equipment Co. (INSECO), Inc. , for the amount of $400,000.00.

2. Counsel for plaintiff and defendant in the State Court Case have met with appearing Trustee and have agreed to settle all claims pending before this Court and before the Superior State Court of Arecibo subject to the following terms and conditions:

a) Parties hereby acknowledge that the cause of action pending before the Superior State Court of Arecibo in case number 98-0296 (404) is part of the bankruptcy estate in case number 05-00917 SEK, subject to the administration of the Chapter 7 Trustee and the jurisdiction of this Honorable Court to enter any order or judgment in relation

to the action pending before the Superior State Court of Arecibo.

b) INSECO will pay the Chapter 7 Trustee for the benefit of the bankruptcy estate in case number 06-00559 SEK, the amount of $600,000.00 in payment all claims and causes of action set forth before the Superior State Court of Arecibo in case number 98-0296 (404), which shall be paid in two lump sums as follows: First payment of $300,000.00 to be made within the next 60 days from the day of the filing of this motion and Second payment of $300,000.00 to be made within the next 6 months from the day of the filing of this motion.

c) Appearing attorneys for plaintiff and defendant in the Superior State Court of Arecibo will submit this agreement for the entry of judgment by the State Court pursuant to the terms and conditions of this agreement, which shall be final upon the entry of judgment and unappealable.

d) Judgment entered by this Court approving the instant stipulation shall be final and unappealable and shall have a res judicata effect upon any other proceeding pending before the U.S. District Court for the District of Puerto Rico, the Superior State Court of Puerto Rico or the Bankruptcy Court for the District of Puerto Rico.

3. Parties hereby specifically acknowledge and agree that the judgment entered by this Court authorizing the settlement set forth in this motion shall be binding to both parties, plaintiff and defendant, in the case before the Superior State Court of Arecibo case number CPE 98-0296 (404) so that the State Court of Arecibo any enter judgment finalizing the state court case pursuant to the terms of this Court's judgment.

4. INSECO hereby submits to the jurisdiction of the Bankruptcy Court for the District of Puerto Rico so that it may enter any order or remedy necessary for the collection of the amount

herein stipulated in any jurisdiction were INSECO may have operations included but not limited to operations in Puerto Rico and Mexico. Parties agree that the collection of the amounts stipulated herein shall be made pursuant to the laws of the Bankruptcy Code, 11 U.S.C. sec. 101 et. seq. and supplementary by the Laws of the Commonwealth of Puerto Rico and INSECO hereby voluntarily submits to the jurisdiction of the Bankruptcy Court for the District of Puerto Rico so that it may enter any order or remedy necessary for the collection of the amounts object of this motion. Parties further stipulate that the Bankruptcy Court for the District of Puerto Rico, honorable Judge Sara de Jesus shall retain jurisdiction over INSECO for the purposes of collecting the amounts stated herein.

5. The instant agreement does not constitute a waiver of Trustee's powers or duties to exercise any and all other actions necessary to administer the instant case pursuant to the provisions of the Bankruptcy Code.

WHEREFORE it is respectfully requested that this Honorable Court grant this motion and authorize transaction in the amount of $600,000.00 pursuant to the terms and conditions set forth in the instant motion.

I HEREBY CERTIFY: That the present motion was filed using the CM/ECF electronic filing system which will automatically notify attorney for debtors, Pablo Landrau Pirazzi, Esq. at pablolegal@prtc.net and to all other parties in interest duly registered within the system and to debtors Ivan Acosta Rivera and Ana A. Balseiro Chacón at Apt. B-1, Cond. Parque Jardines de Arecibo, Puerto Rico 00612.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 1ᵃ day of May 2007.

/s/ Noel Torres Rosado
PR Colegiado 16696
Counsel for Trustee in State Court Case
PO Box 777
Arecibo, PR 00613
Tel. / Fax. (787) 878-8400

/s/ José Antonio Pagán Nieves
PR Colegiado 8250
Counsel for RNSECO
PO Box 1553
Cidra, PR 00739
(787) 258-3441
(787) 258-3633

/s/ Noemi Landrau Rivera
USDC 215510
Counsel for Trustee
PO Box 2088
Guaynabo, PR 00970
Tel. (787) 774-0224
Fax. (787) 793-1004