IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF

IVAN ACOSTA RIVERA & ANA A. : CASE NO. 06-00559(SEK)
BALSEIRO CHACON,
      DEBTORS : CHAPTER 7

**FILED & ENTERED**

**MAY 2 5 2007**

U.S. CLERK
SAN JUAN, PUERTO RICO

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

## OPINION AND ORDER

Debtors, appearing *pro se*, request that we stay our ruling

approving the Trustee's settlement of Iván Acosta Rivera's suit

(concerning his former employment and wrongful dismissal), until

the outcome of his appeal. We deny this request for reasons that

follow.

All portions of Debtors' motion concerning whether their

bankruptcy petition was in fact automatically dismissed are

outside scope of the opinion on appeal and the instant request

for stay. We resolved that issue by another opinion and order

entered on March 20, 2007. Debtors appealed and filed a motion

to stay that ruling in the U.S. District Court for the District

of Puerto Rico. That Court denied the stay pending appeal.[1]

Debtors' remaining reasons for granting the stay are a

repetition of their allegations, evidence and arguments made

during the evidentiary hearing and subsequent hearing convened to

consider the first increase in offer of settlement under

consideration. We already examined and weighed those reasons



---

[1] See dkt. #2 in the pending appeal of In re Iván Acosta
Rivera & Ana Balseiro Chacón, 07-mc-00063, filed before the U.S.
District Court for the District of Puerto Rico.

carefully before ruling. Hence, in our view, Debtors can not prevail on appeal as the issue involves Trustee and Court discretion in making and approving a business judgment supported by evidence of record.

Debtors state they are irreparably harmed, as the compromise deprives Mr. Acosta of obtaining a judgment in excess of $2 million, and job reinstatement. The probability of collecting the $2 million, if it were awarded, weighed heavily on the court's ruling. Mr. Acosta's interest in job reinstatement, and in pursuing the suit with lengthy history of litigation in the local courts, is outweighed by the interests of the estate's creditors to receive a complete payment of their claims, plus interest, within a reasonable period of time, provided by the compromise. A stay would not serve the public interest of paying creditors from estate assets as expeditiously as possible.

Wherefore, we deny the stay, as Debtors reasons for granting it do not meet the four prong test set forth in *In re First South Savinv. Ass'n.*, 820 F.2d 700, 704 (1st Cir. 1976.); *Martínez Rodríguez v. Jiménez*, 537 F.2d 1, 2 (1st Cir.1976); *In re Wymer*, 5 B.R. 802, 806 (9th Cir. BAP 1980).

SO ORDERED, in San Juan, Puerto Rico, on May 25, 2007.

SARA DE JESUS
U.S. Bankruptcy Judge

2